1  BINGHAM MCCUTCHEN LLP
   Michael A. Sherman (SBN 94783)
2  Yoshihide Ito (*pro hac vice*)
   Jay P. Barron (SBN 245654)
3  355 South Grand Avenue, Suite 4400
   Los Angeles, CA  90071-3106
4  Telephone:  213.680.6400
   Facsimile:  213.680.6499
5  Email:  michael.sherman@bingham.com

6  Attorneys for Defendant and
   Third-Party Plaintiff
7  KBK, Inc., a New York Corporation

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 | AMERICAN INDUCTION                    | No. SACV11-00350 JAK (RNBx)
   | TECHNOLOGIES, INC., a California      |
12 | corporation,                          | [PROPOSED] PROTECTIVE
   |                                       | ORDER
13 |         Plaintiff,                    |
14 |     v.                                |
15 | KBK, INC., a New York corporation and |
   | DOES 1 through 25, inclusive,         |
16 |                                       |
17 |         Defendant.                    |
18 | KBK, INC., a New York corporation,    |
19 |         Third-Party Plaintiff,        |
20 |     v.                                |
21 | ADAPTIVE ENERGY SYSTEMS, INC.,        |
   | a California corporation,             |
22 |                                       |
23 |         Third-Party Defendant.        |

24

25

26

27

28

1    The Court, having read and considered the Stipulation re: Protective Order

2    submitted by plaintiff American Induction Technologies, Inc., defendant and third-

3    party plaintiff KBK, Inc, and third-party defendant Adaptive Energy Systems, Inc.,

4    and good cause appearing therefore, hereby orders as follows:

5    **I.    DEFINITIONS**

6    The following definitions apply to this Protective Order.  These definitions

7    are specific to this Protective Order and have no bearing on the interpretation of

8    words used in the parties' agreements at issue in the litigation.

9    A.    "Designating Party" means any Party or any non-party from whom

10   discovery is sought in this action, invoking the protections of this Protective Order.

11   B.    "Receiving Party" means any Party who has received discovery from

12   any Party or any non-party to this action.

13   C.    "Outside Counsel" means the outside counsel of record for each Party,

14   including all attorneys, staff, and clerical and support personnel affiliated with or

15   employed by such outside counsel, as well as copy services, translators, and other

16   similar vendors providing clerical, administrative or litigation support to such

17   outside counsel in connection with this matter.

18   D.    "In-House Counsel" means in-house counsel for each of the corporate

19   Parties who are attorneys actively involved in this dispute for their employers, as

20   well as their direct clerical, and support staff, copy services, translators, and other

21   similar vendors providing clerical, administrative or litigation support to such In-

22   House Counsel in connection with this matter.

23   E.    "Party" means every party to this action and every director, officer,

24   employee, and agent of every party to this action.

25   F.    "Communicate" means disclose, provide, show, or make available in

26   any way to another person or entity.

27   G.    "CONFIDENTIAL" is a designation that, for purposes of expediency

28   only, may be applied to any document or thing produced in the above-captioned

1   action.  However, if such designation is challenged, the Designating Party shall

2   bear the burden of showing that such document or thing constitutes, contains, or

3   reveals its confidential research, trade secrets, development, technical, commercial,

4   financial, or personnel information relating to its business, whereby the

5   unrestricted disclosure or dissemination of such information to third parties could

6   adversely impact its or a non-party's business, or other information of a

7   confidential, proprietary, private, or personal nature.  Information designated as

8   "CONFIDENTIAL" may only be used and disclosed as provided in this Protective

9   Order.

10       H.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a

11  designation that shall be limited to (1) trade secrets or other highly sensitive

12  information that the disclosing Party or any non-party reasonably and in good faith

13  believes will result in significant risk of competitive disadvantage or harm if

14  disclosed to another Party in this action without restriction on use or further

15  disclosure; or (2) any other highly sensitive material upon agreement of the Parties

16  or by order of the Court for good cause shown that disclosure of the material will

17  result in significant risk of competitive disadvantage or harm if disclosed to

18  another Party in this action without restriction on use or further disclosure.

19  Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY" may only be used and disclosed as provided in this Protective Order.

21       I.     "Confidential Information" is any document or thing designated with

22  the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" legend.

24       J.     "Copy" means any reproduction, depiction, or sample of any

25  document, material, tangible thing, audio or video tape, computer disk, or

26  information, regardless of format, by photographic, scanning, imaging, recording,

27  manual input, or other electronic, magnetic, optical, or manual reproduction means.

28

2

## II. METHODS OF PROTECTION

A. <u>Materials Subject to Designation.</u> Any Party or non-party from whom discovery is sought may designate any of the following as Confidential Information under the terms of this Protective Order: deposition testimony; written discovery; responses to any discovery request; documents and things produced pursuant to the parties' document-production requests, or non-party subpoenas; expert-witness reports; briefs or argument submitted to the Court or from one Party to another; and facilities or other physical locations made available for inspection (and the material inspected within those facilities or other physical locations). A Party may designate as Confidential Information any document, information, or deposition testimony produced or given by any non-party, or any portion thereof, at any time up to thirty (30) days after actual receipt of copies of the documents by counsel for the Party asserting the confidentiality privilege or, in the case of deposition testimony, at any time up to thirty (30) days after the transcript is received by counsel for the Party asserting the confidentiality privilege by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Confidential Information. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential--Attorneys Eyes Only.

B. <u>Derivative Materials.</u> Any extract, summary, compilation or other material derived in whole or in part from Confidential Information shall itself be deemed to be Confidential Information, and the dissemination and use thereof shall be governed by this Protective Order.

C. <u>Manner of Designation of Confidential Information.</u>

1. <u>Designation of Documents and Things.</u> A Designating Party shall designate Confidential Information by placing a clear, permanent legend on each page of any document being designated or, in the case of

3

1   physical objects, computer disks, or other tangible things, on the thing itself

2   or on the container in which it is produced.  The legend shall bear the word

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

4   EYES ONLY" as appropriate.  All documents and things shall be so

5   designated by the Designating Party prior to their production or delivery,

6   except as set forth in Section D.

7       2.      To expedite discovery in this action, a Designating Party may

8   make documents and things available for inspection prior to the placement

9   of a legend thereon, without thereby waiving the protections of this

10  Protective Order.  Thus, the Designating Party may advise the requesting

11  Party that some or all of the documents or things to be produced for

12  inspection are designated as "CONFIDENTIAL" or "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this

14  Protective Order and that the information or materials may only be inspected

15  by a Party consistent with the terms of this Protective Order.  After the

16  inspection, the Designating Party may then designate the documents and

17  things by marking them with the "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend prior to delivery

19  of copies to the requesting Party's counsel.  In such cases, permitting such

20  initial inspections shall not constitute waiver of confidentiality with respect

21  to any document or thing so inspected.

22      3.      Designation of Deposition Testimony.  If in the course of a

23  deposition any Confidential Information is used (whether as an exhibit or

24  otherwise) with or elicited from a witness, the portion of the transcript in

25  which such Confidential Information is contained may be designated as

26  Confidential Information under this Protective Order.  To so designate such

27  portion of a transcript, the witness (or his/her counsel) or Party intending to

28  invoke this Protective Order shall state on the record that the testimony or

4

1    portion thereof is being designated as "CONFIDENTIAL" or "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or alternatively state

3    that the entire testimony is being designated as "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as

5    appropriate, subject to a good faith obligation to identify any non-

6    confidential portions of the testimony upon receipt of the transcript of the

7    testimony. The reporter shall separately transcribe and bind the testimony so

8    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY" as appropriate and shall mark the face of the

10   separate bound transcript containing such testimony with the term

11   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY" as appropriate. In the alternative, any Party or the witness

13   (or his/her counsel) may advise all other Parties in writing, and with page

14   and line identifications, of the designation of such testimony, within thirty

15   (30) days after receipt of the transcript of a deposition.

16       D.    Inadvertent Production or Failure to Designate.

17           1.    In the event that any document or thing qualifying for

18   designation as Confidential Information is inadvertently produced without

19   the proper designation, the disclosing Party or non-party shall identify such

20   document or thing promptly after its inadvertent production is discovered

21   and provide a copy of such document or thing with the proper designation to

22   counsel for the Receiving Party, upon receipt of which the Receiving Party

23   shall promptly return or destroy all copies of the undesignated document or

24   thing. Upon written request by the Designating Party, the Receiving Party

25   will provide written verification of compliance with this provision.

26           2.    In the event that any document or thing containing or

27   constituting privileged attorney-client communications or work product is

28   inadvertently produced, the disclosing Party or non-party shall notify the

                                    5

1    Receiving Party promptly after it is discovered that the privileged material or

2    work product was inadvertently produced for inspection or provided, and

3    upon receipt of such notification the Receiving Party shall promptly return to

4    counsel for the disclosing Party or non-party any and all copies of such

5    document or thing and thereafter refrain from any use whatsoever, in this

6    case or otherwise of such document or thing.  Nothing herein shall prevent

7    the Receiving Party from contending that any such document or thing was

8    not inadvertently produced, or that privilege or work product was waived for

9    reasons other than the mere inadvertent production thereof, or that no

10   privilege or work product protection ever applied to such document or thing.

11           3.      In the event that a Receiving Party receives a document or thing

12   containing privileged attorney-client communications or work product that

13   the Receiving Party believes has been inadvertently produced, the Receiving

14   Party shall notify the disclosing Party or non-party promptly after it is

15   discovered that the privileged material or work product may have been

16   inadvertently produced for inspection or provided.  If a disclosing Party or

17   non-party has notified the Receiving Party of inadvertent production

18   hereunder, or has confirmed the inadvertent production called to its attention

19   by the Receiving Party, the Receiving Party shall promptly return to counsel

20   for the disclosing Party or non-party any and all copies of such document or

21   thing and thereafter refrain from any use whatsoever, in this case or

22   otherwise of such document or thing.  Nothing herein shall prevent the

23   Receiving Party from contending that any such document or thing was not

24   inadvertently produced, or that privilege or work product was waived for

25   reasons other than the mere inadvertent production thereof or that no

26   privilege or work product protection ever applied to such document or thing.

27

28

6

E.   Treatment of Confidential Information.

1.   "CONFIDENTIAL." All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of a Party), shall be used only for the purposes of the above-captioned action, and not for any business, commercial or other purpose whatsoever (except as specifically outlined below in Section II(G)). Such information shall not be Communicated to any person or entity other than:

    a.   Any Party;

    b.   Outside Counsel for any Party;

    c.   In-House Counsel to whom it is necessary to disclose Confidential Information for purposes of the above-captioned action;

    d.   In the case of a corporate Parties, any natural person who is a current or former officer, director or other employee or agent of a Party, but: (i) only to the extent necessary to assist in the conduct or preparation of the above-captioned action; and (ii) only after that individual has been advised by counsel of record of the requirements of this Protective Order and has agreed to be bound by it and in such a case that corporate Party assumes responsibility for ensuring that its current or former officer, director, employee, or agent complies with the terms of this Protective Order;

    e.   Subject to Section F below, any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert, provided that

7

1    Confidential Information shall be disclosed to any such

2    person only to the extent necessary for that person to

3    perform his or her work in connection with the above-

4    captioned action;

5    f.    With respect to any particular document that has been

6    designated as "CONFIDENTIAL," the author, addressee,

7    or copyee of that particular document, or any person who

8    prepared or reviewed that document prior to the date this

9    action was filed;

10   g.    With respect to any particular document that has been

11   designated as "CONFIDENTIAL," any person who may

12   be referred to in the document, or any potential witnesses

13   who are reasonably believed to have discoverable

14   information that relates to the information designated

15   "CONFIDENTIAL";

16   h.    Any person who is designated to receive Confidential

17   Information by order of the Court or by written

18   stipulation of the Parties;

19   i.    The Court, court personnel, any court or deposition

20   reporters or videographers used in connection with the

21   above-captioned action, and any such reporter's support

22   personnel; and

23   j.    Outside litigation support vendors, including commercial

24   photocopying vendors, scanning service vendors, coders,

25   and keyboard operators who are employed in connection

26   with the above-captioned action.

27

28

8

1        2.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2 All information designated with this legend, and all information derived

3 from the information so designated (excluding such information as is

4 derived lawfully from an independent source without reference to, or use of,

5 the Confidential Information of a Party), shall be used only for the purposes

6 of this litigation, and not for any business, commercial, patent prosecution,

7 or other purpose whatsoever (except as specifically outlined below in

8 Section II(G)). Such information shall not be Communicated to any person

9 or entity other than:

10            a.     Outside Counsel for any Party;

11            b.     In-House Counsel to whom it is necessary to disclose

12                  Confidential Information for purposes of the above-

13                  captioned action;

14            c.     Subject to Section F below, any person who is expressly

15                  retained or sought to be retained by a Party as a

16                  consultant or as a testifying expert, provided that such

17                  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18                  ONLY" information shall be disclosed to any such

19                  person only to the extent necessary for that person to

20                  perform his or her work in connection with the above-

21                  captioned action;

22            d.     Any natural person who is a current officer, director, or

23                  other employee or agent of the Designating Party;

24            e.     With respect to any particular document that has been

25                  designated as "HIGHLY CONFIDENTIAL –

26                  ATTORNEYS' EYES ONLY," the author, addressee, or

27                  copyee of that particular document, and any person who

28

9

1                  prepared or reviewed that document prior to the date this

2                  action was filed;

3           f.     Any person who is designated to receive Highly

4                Confidential--Attorneys' Eyes Only information by order

5                of the Court or by written stipulation of the Parties;

6           g.     The Court, court personnel, any court or deposition

7                reporters used in connection with this action, and any

8                such reporter's support personnel; and

9           h.     Outside litigation support vendors, including commercial

10               photocopying vendors, scanning service vendors, coders,

11               and keyboard operators who are employed in connection

12               with the above-captioned action.

13     F.     Outside Experts and Consultants.

14        1.     Pursuant to subsection E (1) and E (2) above, Confidential

15 Information may be communicated to outside experts or consultants retained

16 by a Party in connection with preparation for the above-captioned action or,

17 with respect to any particular document that has been designated as

18 "CONFIDENTIAL" any person who may be referred to in the document, or

19 any potential witnesses who are reasonably believed to have discoverable

20 information that relates to the information designated "CONFIDENTIAL,"

21 provided that before any Confidential Information is disclosed to any expert

22 or consultant, the Party seeking to disclose such information shall provide a

23 copy of this Protective Order to the proposed expert or consultant and shall

24 cause that person or entity to execute a Confidentiality Agreement in the

25 form attached hereto as Exhibit A. The signed Confidentiality Agreement

26 shall be provided to the Designating Party upon agreement of the Parties or

27 by order of the Court for good cause shown.

28

1           2.    Before any information designated as "HIGHLY

2    CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed to any

3    expert or consultant, the Party seeking to disclose such information shall

4    provide the Designating Party with (i) the name of the person; (ii) the

5    present employer and title of the person; (iii) an up-to-date curriculum vitae

6    of the person; and (iv) an identification of any work performed for or on

7    behalf of the other party by that person within the five (5) year period before

8    the filing of the above-captioned action.  Within five (5) business days of

9    receipt of this information, the Designating Party may object to the proposed

10    outside expert or consultant on any reasonable basis.  If objection to

11    disclosure is made within the time required, the parties shall meet and confer

12    within five (5) business days; and, if not resolved, the Designating Party

13    shall move for a protective order precluding the disclosure of the

14    information to the designated expert or consultant within five (5) business

15    days after completion of the meet and confer.  Where objection is made, no

16    such information shall be disclosed to the consultant or expert until the day

17    after the last day to file a motion for a protective order (where no protective

18    order is sought), or upon entry of the Judge's order denying the producing

19    party's motion for protection.  Failure to object to a proposed outside expert

20    or consultant shall not preclude the non-objecting party from later objecting

21    to continued access by that outside expert or consultant where facts

22    suggesting a basis for objection could not have been discovered by the

23    objecting party or its counsel, exercising due diligence, within the period for

24    making a timely objection. If a later objection is made, no further "HIGHLY

25    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be

26    disclosed to the outside expert or consultant until the matter is resolved by

27    the Judge or the producing party withdraws its objection.

28

1        G.      <u>Persons Referenced in a Document and Potential Witnesses Who May</u>

2   <u>Have Discoverable Information.</u>  Pursuant to subsection E (1) and E (2) above,

3   Confidential Information may be communicated to any person who may be

4   referred to in a particular document that has been designated as

5   "CONFIDENTIAL," or any potential witnesses who are reasonably believed to

6   have discoverable information that relates to the information designated

7   "CONFIDENTIAL," provided that before any Confidential Information is

8   disclosed to such person, the Party seeking to disclose such information shall

9   provide a copy of this Protective Order to such person shall cause that person to

10   execute a Confidentiality Agreement in the form attached hereto as Exhibit A.  The

11   signed Confidentiality Agreement shall be provided to the Designating Party upon

12   agreement of the Parties or by order of the Court for good cause shown.

13        H.      <u>Request for Additional Disclosure.</u>  If any counsel of record desires to

14   Communicate a Designating Party's Confidential Information to any person other

15   than those otherwise permitted access to such information under the terms of this

16   Protective Order, such counsel shall first obtain written consent of the Designating

17   Party or the Judge authorizing such disclosure.  Except as expressly agreed in

18   writing by the Designating Party or ordered by the Judge, each person to whom the

19   Confidential Information is to be communicated pursuant to this paragraph must

20   execute a written Confidentiality Agreement, in the form attached hereto as Exhibit

21   A.

22        I.      <u>Maintenance of Designated Information.</u>  Counsel to the parties in the

23   above-captioned action and those persons to whom disclosure is permitted under

24   the terms of this Protective Order who have received Confidential Information that

25   is provided pursuant to this Protective Order shall maintain such Confidential

26   Information in a secure and safe location and shall exercise due and proper care

27   with respect to the storage, custody, use, and disposal of all Confidential

28   Information, so as to prevent the unauthorized or inadvertent disclosure of any of

12

1   it. Nothing herein imposes any affirmative obligations on the Court or court

2   personnel, who are subject to the Court's internal procedures regarding the

3   handling of material filed or lodged under seal.

4        J.    Stenographers and Videographers. Any stenographer or videographer

5   shall be entitled to hear Confidential Information and receive and handle exhibits

6   containing Confidential Information as necessary or appropriate for the

7   performance of his or her duties, provided that either (a) the stenographer or the

8   videographer, or (b) the company or business providing stenographic or

9   videographic services, has been provided with a copy of this Protective Order, or

10   its terms have been communicated to them, and they have orally or in writing

11   agreed to maintain the confidentiality of Confidential Information consistent with

12   the terms of this Protective Order. The stenographer may allow a deponent (or his

13   or her counsel) to review the original transcript or may deliver the original

14   transcript for such review to the attorney for a deponent, if that attorney has

15   executed and delivered to the Party's counsel of record a Confidentiality

16   Agreement in the form attached hereto as Exhibit A or is one of the Outside

17   Counsel or In-House Counsel defined above.

18   **III.   ADDITIONAL PROVISIONS**

19        A.    Filing Documents with the Court. In accordance with Local Rule 79-

20   5.1, if any papers to be filed with the Court contain information and/or documents

21   that have been designated as "Confidential Information," the proposed filing shall

22   be accompanied by an application to file the papers or the portion thereof

23   containing the designated information or documents (if such portion is segregable)

24   under seal; and the application shall be directed to the judge to whom the papers

25   are directed. For motions, the parties shall publicly file a redacted version of the

26   motion and supporting papers.

27

28

1        **B.     No Effect on Party's Own Use.**  A Designating Party's designation of

2    information as Confidential Information shall not affect its own right to

3    Communicate or use any of its information so designated.

4        **C.     Information Excluded From This Protective Order.**  The restrictions

5    set forth in this Protective Order shall not apply to any information which the

6    Receiving Party can demonstrate:

7              1.     is available to the public at the time of disclosure hereunder; or

8              2.     becomes available to the public after disclosure hereunder

9        through no act, or failure to act, by the Receiving Party.

10       **D.     Additional Parties.**  In the event additional parties join or are joined in

11   this litigation, they shall be deemed to have executed, and agreed to be bound by,

12   this Protective Order.

13       **E.     No Legal Effect of Confidentiality Designations.**  The designation by

14   a Designating Party of any document, material, tangible thing, or information as

15   Confidential Information is intended solely to facilitate discovery in the above-

16   captioned action, and neither such designation nor treatment in conformity with

17   such designation shall be construed in any way as an admission or agreement by a

18   Receiving Party that the designated disclosure constitutes or contains any trade

19   secret or proprietary information.

20       **F.     Legal Process Seeking Production of Confidential Information.**  In the

21   event a Receiving Party is served with legal process seeking production of

22   Confidential Information obtained through discovery and protected under the terms

23   of this Protective Order, the Receiving Party shall promptly notify the Designating

24   Party or non-party whose material is sought of the service of legal process, as well

25   as provide the Designating Party or non-party a copy of the legal process.  The

26   Designating Party or non-party may then seek relief as deemed appropriate.

27   However, nothing in this Protective Order is intended or should be construed as

28   authorizing a party to disobey a lawful subpoena issued in another action.

14

1          G.      <u>Final Disposition of Litigation.</u>  Upon the conclusion of the above-

2    captioned action, including confirmation of the judgment, each counsel of record

3    shall: (a) within forty-five (45) days return to counsel of record for the Designating

4    Party, or confirm to the Designating Party the destruction of all Confidential

5    Information provided by that Designating Party, and all copies made of such

6    materials; and (b) within forty-five (45) days destroy or see to the destruction of all

7    materials related to Confidential Information, including, but not limited to notes,

8    analyses, memoranda, or reports provided to or by other persons, and certify to the

9    Designating Party that such destructions have been done.  As an exception to the

10    above, counsel of record may retain a single file copy of any document filed with

11    the Court, a copy of any written discovery response, a transcript of any deposition

12    or trial, along with all exhibits to that transcript, and a copy of any notes, analyses,

13    memoranda or other work product prepared by counsel, the Parties, witnesses, or

14    experts retained in the Litigation.  Upon the conclusion of the above-captioned

15    action, including confirmation of the judgment, counsel of record may not disclose

16    these retained documents to any individual or entity, including, but not limited to,

17    the Parties.  Counsel of record shall immediately notify opposing counsel of record

18    or counsel for the Designating Party of any attempt by third parties to inspect or

19    copy said documents.

20          H.      <u>Motion for Relief from Designation.</u>  If, after a Party receives

21    information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22    ATTORNEYS' EYES ONLY," it appears to the Receiving Party that any such

23    information is not entitled to the protection afforded under this Protective Order,

24    such Receiving Party shall first notify counsel of record for the Designating Party,

25    in writing, providing its reasons for challenging the designation.  Any motion

26    challenging the designation will be governed by Local Rules 37-1 and 37-2.  The

27    Designating Party shall bear the burden of proving that the designated information

28    warrants its designated level of protection under this Protective Order, which may

1    include showing the information constitutes, contains, reveals, or reflects trade

2    secrets or other confidential research, development, commercial, financial, or

3    personnel information that relates to the Designating Party's business or that was

4    disclosed to it in confidence by any third party, and that disclosure of the

5    designated information to competitors, customers, or others (including the general

6    public) would adversely prejudice the Designating Party or its business or would

7    violate an obligation of confidentiality to a third party.  No Party to this action,

8    however, shall be obligated to challenge the propriety of any designation by any

9    other Party or non-party, and a failure to do so shall not constitute a waiver or in

10   any way preclude a subsequent challenge in this or any other action of the

11   propriety of such designations.

12        I.    Survival of Terms.  Absent written modification by the Parties, the

13   provisions of this Protective Order that restrict the disclosure and use of

14   Confidential Information shall survive the final disposition of this matter and

15   continue to be binding on all persons and entities subject to the terms of this

16   Protective Order.

17        J.    Effect on Discovery.  This Protective Order shall not preclude or limit

18   the right of any Party to object to or resist discovery on any ground that would

19   otherwise be available, except that no Party shall object to or resist discovery

20   conducted in accordance with this Protective Order on the ground that such

21   information is of a sensitive, trade secret or confidential nature.  This Protective

22   Order shall not relieve the Party of the necessity of proper response or objection to

23   discovery requests.  This Protective Order shall be without prejudice to the right of

24   the Parties to bring before the Court at any time the question of whether any

25   particular document or information constitutes Confidential Information.  This

26   Protective Order shall not be deemed to prejudice the Parties in any way in any

27   future application or modification of the Protective Order.

28

16

1   K.   Modification. This Protective Order may be modified by further order

2   of the Court. Counsel for all Parties and any other Designating Party who has

3   designated any documents or information as Confidential Information may execute

4   a stipulation modifying this stipulation. However, no amendment or modification

5   pursuant to such a stipulation shall have the force or effect of a Court order unless

6   the Court approves the amendment or modification.

7   L.   Entire Agreement. This Protective Order contains the entire

8   agreement and understanding between the parties with respect to the Protective

9   Order's subject matter. This Protective Order completely replaces and supersedes

10  any prior understanding or agreement between the parties with respect to this

11  Protective Order's subject matter.

12  M.   Submitting to the Jurisdiction of the Court. Outside Counsel, In-

13  House Counsel, the Parties, and every person to whom Confidential Information is

14  disclosed pursuant to the terms of this Protective Order agrees to submit to the *in*

15  *personam* jurisdiction of the United States District Court, Central District of

16  California solely for purposes of enforcing his or her obligations under this

17  Protective Order.

18  N.   Violation of Order. The Parties stipulated that this Protective Order

19  shall be entered by United States District Court, Central District of California and

20  may be enforced according to its terms by the Court. The Parties further stipulated

21  that in the event of any violation or threatened violation of this Protective Order,

22  the Court may impose any civil or criminal penalties that would otherwise be

23  available if that Court had entered the Protective Order in the first instance,

24  including, but not limited to, injunctive relief and/or an order in aid of litigation

25  against any Party, person, or entity violating or threatening to violate this

26  Protective Order. The Party, person, or entity committing or threatening to commit

27  such violation shall not argue or otherwise employ as a defense that the

28  Designating Party has an adequate remedy at law.

1      Effective Date.  This Protective Order shall become effective among the

2  parties when executed, with or without the Court's entry of the same.

3

4

5  **IT IS SO ORDERED.**

6  Dated: 9/7/2011

7  _____

                       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1.      My address is

_____

_____

2.      My present employer is

_____

_____.

3.      My present occupation or job description is

_____

_____

_____.

4.      I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *American Induction Technologies, Inc. v. KBK, Inc. et al.*, Case No. SACV11-00350 JAK (RNBx), pending before the United States District Court, Central District of California; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the United States District Court, Central District of California solely for the purposes of enforcement of the Protective Order.

5.      I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, and that

19

1   all Copies are to remain in my custody until they are to be returned or destroyed as

2   specified in the Protective Order.  I acknowledge that such return or the destruction

3   of such materials shall not relieve me from any of the continuing obligations

4   imposed on me by the Protective Order.

5

6

7   Dated:_____      _____

8                                                      (Signature)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic filing" to the following attorneys of record who have consent in writing to accept this notice of service of this document by electronic means:

William B. Hanley, Esq.
Law Offices of William B. Hanley
5000 Birch Street
Suite 9400
Newport Beach, CA 92660
Phone: 949.263.0040
Fax: 949.263.0077
Email: wbh@hanley-law.com

Laura M. Sullivan, Esq.
La Flam Sullivan LLP
5000 Birch Street
Suite 9400
Newport Beach, CA 92660
Phone: 949.252.4610
Fax: 949.203.6201
Email: laura.sullivan@laflamsullivan.com

Victor E. Hobbs, Esq.
Victor E. Hobbs Law Offices
17981 Sky Park Circle
Suite C
Irvine, CA 92614
Phone: 949.221.9700
Fax: 949.221.9707
Email:
victorhobbs@hobbslegalsolutions.com

/s/ Michael A. Sherman
Michael A. Sherman
Counsel for KBK, Inc., a New York
Corporation

1

CERTIFICATE OF SERVICE

**PROOF OF SERVICE**

1

2          I am over eighteen years of age, not a party in this action, and employed in Los

3   Angeles County, California at The Water Garden, Fourth Floor, North Tower, 1620 26th Street,

4   Santa Monica, California  90404-4060.  I am readily familiar with the practice of this office for

5   collection and processing of correspondence for mail/fax/hand delivery/next business day

6   delivery, and they are deposited that same day in the ordinary course of business.

7          On September 2, 2011, I served the attached:

8                          **[PROPOSED] PROTECTIVE ORDER**

9   ☒   (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy
         of the document(s) listed above to be delivered by Federal Express in sealed
10        envelope(s) with all fees prepaid at the address(es) set forth below.

11  ☒   (BY UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE)
         on the parties as set forth below:
12

13                     **SEE ATTACHED SERVICE LIST**

14         I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct and that this declaration was executed on September 2, 2011, at

16  Santa Monica, California.

17

18

19                                                          Marina Sulkhan

20

21

22

23

24

25

26

27

28

---

1

**PROOF OF SERVICE**

1

## SERVICE LIST

2

3

William B. Hanley, Esq.
Law Offices of William B. Hanley
5000 Birch Street
Suite 9400
Newport Beach, CA 92660
Phone: 949.263.0040
Fax: 949.263.0077
Email: wbh@hanley-law.com

Laura M. Sullivan, Esq.
La Flam Sullivan LLP
5000 Birch Street
Suite 9400
Newport Beach, CA 92660
Phone: 949.252.4610
Fax: 949.203.6201
Email: laura.sullivan@laflamsullivan.com

4

5

6

7

8

Victor E. Hobbs, Esq.
Victor E. Hobbs Law Offices
17981 Sky Park Circle
Suite C
Irvine, CA 92614
Phone: 949.221.9700
Fax: 949.221.9707
Email:
victorhobbs@hobbslegalsolutions.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/74313002.1/0776938-0000354161